# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC.,<br>UNILOC LUXEMBOURG, S.A., and<br>UNILOC 2017 LLC<br>    *Plaintiffs*,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG ELECTRONICS CO. LTD.<br>    *Defendants*. | Civil Action Nos. 2:18-cv-00040-JRG-RSP<br>2:18-cv-00041-JRG-RSP<br>2:18-cv-00042-JRG-RSP<br>2:18-cv-00044-JRG-RSP |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AGAINST THE DEPOSITION IN THE UNITED STATES OF FOREIGN WITNESSES DESIGNATED TO TESTIFY WITH RESPECT TO UNILOC'S RULE 30(b)(6) DEPOSITION TOPICS**

*NY 247893198v12*

Samsung hereby moves the Court, pursuant to Fed. R. Civ. P. 26(c)(1)(B), for an order protecting its foreign-based employees from being forced to travel to the United States to appear for a deposition. Uniloc seeks a corporate deposition of SEA on highly technical topics despite being informed that SEA has very limited, if any, knowledge regarding the technical details of the design, development, implementation and/or operation of the accused functionality in Samsung's accused products. In a good faith effort to provide Uniloc with the requested discovery, Samsung has offered to designate co-defendant SEC employees for these technical topics, as the requested information resides with SEC employees. However, because those witnesses live and work outside of the United States, primarily in Korea, they should be deposed abroad. Uniloc has refused to travel to Korea to depose these witnesses, has rejected Samsung's compromise proposal to conduct the depositions by video or teleconference, and instead insists that Samsung bring its foreign-based witnesses to the United States to be deposed on behalf of SEA. Therefore, Samsung seeks this protective order. Samsung also requests, pursuant to Fed. R. Civ. P. 37(a)(5), that the Court award its reasonable attorneys' fees and costs incurred in making this motion.

## FACTUAL BACKGROUND

On February 23, 2018, Uniloc filed four complaints initiating cases 18-cv-00040, -41, -42, and -44 against SEC and its subsidiary SEA. Samsung served its Initial Disclosures on May 25, 2018, and Amended Initial Disclosures on January 25, 2019. (Declaration of Allan Kassenoff, ¶¶ 2-3.) In each of those disclosures, Samsung identified individuals at SEA as having knowledge of U.S. sales and marketing, and individuals at SEC as having knowledge of research, engineering, design and development. *Id.* Specifically, the SEC employees identified with technical knowledge of the Bluetooth and cellular communication functionality in the accused products include Gupil

NY 247893198v12

Cheong, Sun-un Yoon, Jinyoung Oh and Soenghun Kim, each of whom lives and works in Korea. (*Id.* at ¶ 18.)

On December 11, 2018, Uniloc served personal deposition notices on the SEA and SEC employees identified in Samsung's initial disclosures. (*Id.* at ¶ 4.) On January 7, 2019, Uniloc noticed Rule 30(b)(6) depositions of SEA, but did not issue a contemporaneous notice to SEC. (*Id.* at ¶ 5.) Nearly all of the noticed topics are highly technical, requiring, for example, a witness to testify regarding "[a]ll aspects of source code," the operation of specific technical standards and specific functionality in hundreds of Samsung's accused products, and the various "modules, chips, transmitters, receiver, transceivers and related components" used in Samsung's accused products. (*Id.* at ¶ 5.) Two days later, on January 9, 2019, Uniloc withdrew its personal deposition notices to Gupil Cheong, Sun-un Yoon, Jinyoung Oh and Soenghun Kim, i.e., the SEC employees located outside the United States. (*Id.* at ¶ 9.)

On January 18, 2019, counsel for Samsung informed Uniloc that appropriate witnesses were still being identified in response to the Rule 30(b)(6) deposition topics and would not be available on the noticed dates. (*Id.* at ¶ 10.) On January 23, 2019, Uniloc served a second set of Rule 30(b)(6) notices on SEA, moving the date for deposition to the week of February 11, 2019, and included statements mischaracterizing Samsung's efforts to agree with Uniloc on mutually convenient dates for the availability of its deposition witnesses. (*Id.* at ¶ 6.) On February 4, 2019, Samsung's counsel confirmed the Rule 30(b)(1) deposition for SEA employee Sean Diaz and informed Uniloc that he would also be a corporate witness.[1] (*Id.* at ¶ 11.) Samsung further informed Uniloc that the remaining witnesses to be designated were located in Korea, were not

---

[1] Mr. Diaz will be designated to testify on numerous non-technical topics contained in "PLAINTIFFS' RULE 30(B)(6) NOTICE OF DEPOSITION (CORPORATE) OF SAMSUNG ELECTRONICS AMERICA, INC." served on February 12, 2019.

2

available on the noticed dates, and efforts were being made to find a block of dates for those depositions abroad so as minimize the travel burden on counsel for both parties. (*Id.* at ¶ 11.)

In response, on February 5, 2019, Uniloc took the position that it had noticed SEA, a domestic corporation located in New Jersey, and "will not travel outside the country to take its deposition." (*Id.* at ¶ 12.) Counsel for Samsung repeatedly informed Uniloc that SEA is a subsidiary entity primarily involved in commercializing, marketing and distributing products in the United States, and that SEC is the parent entity with global responsibility for research, design, and implementation of the accused functionalities and responsibility for manufacturing the accused products. (*Id.* at ¶ 13; Declaration of Colm Malone, ¶ 7.) Uniloc was informed that the technical information sought is primarily, if not entirely, in SEC's possession (i.e., in Korea). (*Id.*; Malone Decl., ¶ 9.) Despite Samsung's attempts to coordinate with Uniloc to agree on dates and locations for its knowledgeable witnesses, Uniloc instead intends to "take a series of no-show depositions pursuant to FRCP 37(d)." (Kassenoff Decl., ¶ 12.)

In advance of filing this motion, Samsung asked Uniloc to reconsider its position that SEC employees who reside abroad must be brought to the United States for deposition. (*Id.* at ¶ 14.) Uniloc refused. Uniloc also refused Samsung's compromise proposal to conduct the depositions of the foreign-based witnesses by video or teleconference. (*Id.* at ¶ 19.) In response, Uniloc asked if Samsung would pay Uniloc's counsel's travel expenses to Korea. (*Id.* at ¶ 19.)

Uniloc has not served a Rule 30(b)(6) deposition notice on SEC and does not have a present intention of doing so even though it is aware that SEC has the relevant technical information. (*Id.* at ¶¶ 19.) On February 13, 2019, Uniloc re-noticed the Rule 30(b)(6) depositions of SEA for February 14, 2019, to a location in Boston convenient for its outside counsel in order to conduct

3

the depositions as formality even though Samsung and Uniloc already met and conferred regarding Samsung's intention to file the present motion for a protective order. (*Id.* at ¶ 8.)

## LEGAL STANDARD

The general rule regarding the location of a deposition "is that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Novartis Vaccines and Diagnostics, Inc. v. Wyeth*, No. 2:08-cv-067 (slip op.) at 1 (E.D. Tex. Aug. 12, 2011) (Ex. 14) (citing *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987); *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979)). A court may issue a protective order with respect to a deposition being sought upon finding "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court may tailor such a protective order by specifying the location of a deposition. *See* Fed. R. Civ. P. 26(c)(1)(B). "The movant bears the burden to show good cause for the necessity of a protective order." *Mediatek, Inc. v. Sanyo Elec. Co. Ltd.*, 2006 U.S. Dist. LEXIS 99535, at *5 (E.D. Tex. Aug. 9, 2006). The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## ARGUMENT

Uniloc is not interested in cooperating with Samsung to obtain the relevant discovery it seeks in this case. Uniloc is only seeking to obtain discovery from SEA in an attempt to force SEC engineers who live and work in Korea to travel to the United States for a deposition. This is an abuse of the discovery process and should not be permitted. Samsung's Korean witnesses should be deposed in Korea.

This Court has consistently held that "a witness is normally deposed at his residence or place of employment. This is so because it is the plaintiff who chooses the forum for suit; thus, plaintiffs cannot complain if they are required to take discovery at great distances from the forum." *Mediatek*, 2006 U.S. Dist. LEXIS 99535, at *4-5; *see Novartis,* No. 2:08-cv-067, at 1 (Ex. 14). In *Securenet Solutions Grp., LLC v. Agent Video Intelligence, Inc.*, this Court addressed a similar scenario in the context of a Rule 30(b)(6) deposition. No. 2-15-cv-1857 (E.D. Tex. Mar. 23, 2016) (Ex. 16). In that case, the plaintiff requested a Rule 30(b)(6) deposition of the New York based defendant. The appropriate witness was located near the defendant's parent entity in Israel. The Court explained that it would not order the defendant to produce an Israeli witness in the United States, or anywhere other than where that witness normally does business. (Ex. 15 at 6:13-16; 25:25-26:9.) This is in line with the general rule in this district that "a party seeking discovery must go where the desired witnesses are normally located." *Novartis*, No. 2:08-cv-067, at 1 (Ex. 14).

Here, Uniloc initially noticed personal depositions of the individuals Samsung identified in its initial disclosures, including the SEC employees based in Korea. (Kassenoff Decl., ¶ 4.) Instead of proceeding with these personal depositions, Uniloc served a Rule 30(b)(6) deposition notice on SEA with technical topics and withdrew the personal deposition notices to the SEC employees. (*Id.* at ¶¶ 5, 9.)

In response to Uniloc's Rule 30(b)(6) deposition notice, Samsung worked to identify the appropriate witnesses. (*Id.* at ¶ 10.) Samsung never refused to designate knowledgeable witnesses. Rather, Samsung explained to Uniloc numerous times that SEA is primarily a commercialization, marketing and distribution entity for Samsung's accused products in the United States. (*Id.* at ¶ 14; *see* Malone Decl., ¶¶ 7, 9.) The topics in Uniloc's Rule 30(b)(6) notice are highly technical

topics relating to communications technologies, product features, product components, and source code, and the appropriate witnesses to testify about those topics are SEC engineers who are located in Korea. (Kassenoff Decl., ¶¶ 5-8.) Thus, the appropriate location for the depositions of these witnesses is in Korea. (Ex. 15 at 25:25-26:9.); *Novartis*, No. 2:08-cv-067, at 1 (Ex. 14).

Samsung has made efforts to accommodate these depositions of foreign-based witnesses by looking for a block of time where all of the designated witnesses can be deposed in Korea to prevent multiple trips abroad, which is costly and time consuming for both sides. (Kassenoff Decl., ¶ 11.) Additionally, Samsung informed Uniloc that it was amenable to having the depositions taken via video or teleconference. (*Id.* at ¶ 19.) Uniloc rejected any suggestion that it would travel to Korea to depose SEC employees, and Uniloc also rejected remotely taking the depositions in order to conserve costs and travel time. (*Id.* at ¶ 19.) In response, Uniloc requested that Samsung pay Uniloc's counsel's travel expenses. (*Id.* at ¶ 19.)

Uniloc's position that SEC employees must travel to the United States to testify on behalf of SEA is unreasonable and an abuse of the discovery process. Uniloc has not served a Rule 30(b)(6) deposition notice on SEC and does not have a present intention of doing so even though it is aware that SEC has relevant technical information. (Kassenoff Decl. at ¶¶ 19.) Uniloc apparently intends to avoid any expense of traveling to Korea for depositions, while shifting the entire burden and expense onto Samsung and its employees. This is improper, and the disruption, inconvenience and burden on Samsung's foreign-based employees is unwarranted. *See, e.g., Novartis*, No. 2:08-cv-067, at 1 (Ex. 14); *Mediatek*, 2006 U.S. Dist. LEXIS 99535, at *4-5.

Uniloc has also taken the unreasonable position that its deposition notice only seeks SEA's knowledge and those witnesses must be in the United States. (Kassenoff Decl. at ¶ 12.) Rule 30(b)(6) does not permit Uniloc to dictate Samsung's corporate designees. Fed. R. Civ. P.

6

30(b)(6); *see, e.g.*, *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 939 F. Supp. 2d 422, 430 (S.D.N.Y. 2013) ("The rule, however, does not permit the party issuing the notice to select who will testify on the organization's behalf"). Moreover, it would be inappropriate for Samsung to present witnesses for deposition who do not reflect Samsung's knowledge regarding the noticed topics because that would waste the parties' time and be nothing more than harassment of SEA's employees.

Good cause exists for the issuance of a protective order against the deposition of SEA in the United States because the appropriate designees are SEC employees who live and work in Korea. Uniloc, who chose this forum, should not be permitted to force those witnesses to travel to the United States for deposition because "a witness is normally deposed at his residence or place of employment." *Mediatek*, 2006 U.S. Dist. LEXIS 99535, at *4-5.

Samsung is required to file this motion to avoid the unnecessary burden, harassment, and expense that Uniloc seeks to impose on Samsung's foreign-based employees. Samsung also requests that the Court award its reasonable attorneys' fees and costs incurred in making this motion. Fed. R. Civ. P. 37(a)(5); *Tridle v. Union Pac. R.R.*, 2007 U.S. Dist. LEXIS 101293, *6-9 (E.D. Tex. Oct. 10, 2007); *Delor v. Intercosmos Media Grp., Inc.*, 2005 U.S. Dist. LEXIS 17683, *9-12 (E.D. La. Aug. 1, 2005).

## CONCLUSION

For all of the foregoing reasons, Samsung respectfully requests that the Court enter a protective order for Samsung's foreign-based employees to ensure that their depositions in this case will take place in Korea, and award Samsung its fees and costs in connection with this motion.

| | |
|---|---|
| Dated: February 13, 2019 | By: */s/ Allan A. Kassenoff*<br>Richard A. Edlin<br>Allan A. Kassenoff<br>Joshua L. Raskin<br>Julie P. Bookbinder<br>Vimal M. Kapadia<br>GREENBERG TRAURIG, LLP<br>MetLife Building, 200 Park Avenue<br>New York, NY 10002<br>Telephone: (212) 801-9200<br>Facsimile: (212) 801-6400<br>Email: edlinr@gtlaw.com<br>Email: kassenoffa@gtlaw.com<br>Email: raskinj@gtlaw.com<br>Email: bookbinderj@gtlaw.com<br>Email: kapadiav@gtlaw.com<br><br>Minsoo Kim<br>GREENBERG TRAURIG, LLP<br>2101 L Street, N.W., Suite 1000<br>Washington, DC 20037<br>Telephone: (202) 530-8584<br>Facsimile: (202) 331-3101<br>Email: kimmin@gtlaw.com<br><br>Melissa R. Smith<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>***Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*** |

## CERTIFICATE OF CONFERENCE

On February 12, 2019, Allan A. Kassenoff, counsel for Samsung, conferred with James J. Foster, counsel for Uniloc, as required by Local Rule 7(h). Uniloc opposes this motion. Discussions conclusively ended at an impasse, leaving an open issue for the Court to resolve.

>  */s/ Allan A. Kassenoff*
>  Allan A. Kassenoff

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day February 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

>  */s/ Allan A. Kassenoff*
>  Allan A. Kassenoff