IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., <br> UNILOC LUXEMBOURG, S.A., and <br> UNILOC 2017 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO. LTD., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:18-cv-00040 (JRG-RSP) <br> 2:18-cv-00041 (JRG-RSP) <br> 2:18-cv-00042 (JRG-RSP) <br> 2:18-cv-00044 (JRG-RSP) |

**RESPONSE OF UNILOC TO SAMSUNG'S 1) MOTION FOR PROTECTIVE ORDER AND 2) MOTION TO EXCEED PAGE LIMITS**

The accompanying Declaration of James J. Foster details how this dispute arose and the difficulties Uniloc has run into scheduling Samsung depositions.

Samsung Electronics America, Inc. ("SEA") is a United States corporation, headquartered in Ridgefield Park, New Jersey. Published reports estimate it has thousands of employees in this country. It is responsible for distributing tens of millions of the products accused of infringement in these actions. Uniloc has reason to believe employees of that corporation have sufficient knowledge of how the accused products operate to provide the testimony Uniloc needs to establish liability as to both defendants.

Uniloc therefore noticed SEA for depositions on technical subjects relating to how the products they distribute operate. The notices specified SEA's corporate headquarters as location of the deposition. "It is well settled that '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when ... the

1

corporation is a defendant." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979) (internal citations omitted).

But SEA took the position Uniloc must travel to Korea, at its own expense, to depose nonemployee witnesses to obtain information that SEA has in the United States, which Uniloc is seeking from SEA. Uniloc disagrees with that position, and asks the Court to order SEA to choose from the following:

1. designate a witness or witnesses of its choice to testify in the United States as to the organization's collective knowledge and information; or

2. designate a witness or witnesses to testify outside the United States, but assume responsibility for Uniloc's expenses.

In its Motion, SEA argues that Uniloc is "attempt[ing] to force SEC engineers who live and work in Korea to travel to the United States for deposition." To the contrary, SEA may designate witnesses residing in the United States to testify to the organization's collective knowledge and information.

Rather, SEA would prefer to designate Korean engineers to give that testimony, and Uniloc does not object to that. But Uniloc objects to being unnecessarily saddled with the expense and inconvenience in obtaining evidence which could easily be obtained from United States residents.

SEA suggests Uniloc can conduct the depositions "by video or teleconference," but that suggestion was not meant to be taken seriously. As any seasoned litigator well knows, counsel must be physically present to observe what is happening off camera.

SEA implies its employees do not really know all that much about how the products work, and so deposing them would be a waste of time. But it is careful not to make that point

too strongly, as it is likely untrue. Instead, SEA argues the Korean engineers would be the "appropriate" witnesses.

But as almost two months have passed with the issue unresolved, and with the clock ticking. Uniloc has been forced to notice depositions of SEC in Korea simply to make sure it collects the necessary evidence before the April 15 discovery deadline. But even as to those depositions, Samsung is not cooperating. Samsung has said it will not appear on the noticed dates, and, as of this writing, has not offered any dates on which it will appear.

So Uniloc requests this Court deny the motion for a protective order and order SEA to either designate forthwith a witness (from the United States or Korea) to testify in the United States as to the organization's collective knowledge and information; or commit to hard dates for the deposition in Korea, at SEA's expense.

Finally, Uniloc alerts this Court to the difficulty it is having getting Samsung to commit to deposition dates of SEC, even in Korea. As it would be impractical and expensive for Uniloc to travel to Korea to take a no-show deposition and then move for relief, as we had to do with SEA, if we do not have dates from SEC by Monday, March 4, Uniloc will file an expedited motion asking the Court to order SEC to appear for a deposition.

As to SEA's motion to exceed page limits, there is a reason the Discovery Order limits the number of pages of attachments to 5 – namely, to force litigants to summarize the content of documents (as was done in the attached Foster declaration) rather than dump the whole pile on the Court. The 127 pages Samsung seeks to add to the record illustrates the problem the Discovery Order was intended to solve.

Date: February 28, 2019                                Respectfully submitted,

/s/ Kevin Gannon
Paul J. Hayes
James J. Foster
Kevin Gannon
PRINCE LOBEL TYE LLP
One International Place - Suite 3700
Boston, MA 02110
Tel: 617-456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
NELSON BUMGARDNER ALBRITTON P.C.
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 28, 2019.

/s/ Kevin Gannon